**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

October 1, 2013
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**In Re: The Adoption of D.T.**

**No. 12-1512** (Mercer County No. 12-A-2)

**MEMORANDUM DECISION**

Petitioner C.T. Jr., by counsel Michael P. Cooke, appeals an October 19, 2012 order of the Circuit Court of Mercer County, which allowed Respondent M.W. to adopt petitioner's natural child, D.T. Respondent, by counsel P. Michael Magann, filed a response in favor of the adoption.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Child D.T. was born to petitioner and the child's mother, A.W, in February of 2007. Shortly after the child's birth, the parents separated. A.W. then met respondent, and the two began a relationship. In July of 2010, they married. During this three-and-a-half year period, petitioner was incarcerated for all but six months. Petitioner was then released late in 2010, but was re-incarcerated one month later after pleading guilty to manslaughter. Petitioner remains incarcerated for this conviction and was in prison when respondent filed his petition for adoption in January of 2012. Following an evidentiary hearing, the circuit court found that (1) petitioner had abandoned D.T. and (2) D.T.'s best interests would be served through adoption by respondent. Consequently, the circuit court granted respondent's petition for adoption. Petitioner's appeal followed.

We bear in mind the following:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus point 2, *Walker v. West Virginia Ethics Commission,* 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 1, *In re the Adoption of Jon L.*, 218 W.Va. 489, 625 S.E.2d 251 (2005).

1

Petitioner raises two assignments of error. He first argues that the circuit court erred in terminating his parental rights, due to his alleged abandonment of D.T., when it granted respondent's petition for adoption. Petitioner asserts that he did not abandon D.T. merely because his child support was set at zero dollars. Petitioner further argues that his attempts to communicate with the child were unsuccessful because he did not know the child's phone number and also asserts that correspondence sent through air mail was returned to him.

Upon our review of the parties' briefs and the appendix submitted on appeal, we find no error or abuse of discretion by the circuit court in granting respondent's petition to adopt D.T. To determine abandonment as a part of adoption proceedings, West Virginia Code § 48-22-306, provides, in part:

> (a) Abandonment of a child over the age of six months shall be presumed when the birth parent:
>
> (1) Fails to financially support the child within the means of the birth parent; and
>
> (2) Fails to visit or otherwise communicate with the child when he or she knows where the child resides, is physically and financially able to do so and is not prevented from doing so by the person or authorized agency having the care or custody of the child: Provided, That such failure to act continues uninterrupted for a period of six months immediately preceding the filing of the adoption petition.

Moreover, West Virginia Code § 48-22-102 defines abandonment as "conduct by the birth mother, legal father, determined father, outsider father, unknown father or putative father that demonstrates a settled purpose to forego all duties and relinquish all parental claims to the child." The adoption hearing transcript provides that A.W. testified that petitioner has not paid child support since 2010, when he petitioned the family court to modify his child support payments to zero dollars per month. Although this petition was granted, petitioner was then, and currently is, in arrears with the payments he was ordered to make prior to this reduction. With regard to communication between petitioner and the child, A.W. testified that petitioner sent the child a birthday card on her first birthday, but has not sent any cards since. From this evidence, we cannot say the circuit court erred.

After an adoptive parent has demonstrated presumption of abandonment, the biological parent has the opportunity to rebut this presumption. Subsection (d) of West Virginia Code § 48-22-306 provides:

> (d) Notwithstanding any provision in this section to the contrary, any birth parent shall have the opportunity to demonstrate to the court the existence of compelling circumstances preventing said parent from supporting, visiting or otherwise communicating with the child: Provided, That in no event may incarceration provide such a compelling circumstance if the crime resulting in the incarceration involved a rape in which the child was conceived.

We do not find petitioner's incarceration and reduction in child support as circumstances compelling enough to rebut the presumption of abandonment under the facts of this case. A review of the record indicates that even during periods when petitioner was not incarcerated, he was not diligent with making child support payments. Nor do we find that petitioner has rebutted the presumption that he had compelling circumstances, which prevented him from communicating with his child during the six months prior to respondent's petition for adoption. Contrary to A.W.'s testimony, petitioner testified that he sent D.T. a birthday and Christmas card every year, not just in 2008 for the child's first birthday. However, petitioner has not produced any evidence to support this assertion, nor did he show that he has communicated, or attempted to communicate, with the child in other ways. Petitioner admitted at the hearing that he has not seen D.T. since 2007 and that he has never petitioned for visitation or parenting time with her. Our review of the record also supports the circuit court's findings that adoption is in D.T.'s best interests as she has bonded with respondent and respondent has fulfilled her emotional and financial needs since D.T. was an infant. Accordingly, we find that the circuit court did not abuse its discretion in granting respondent his petition for adoption.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 1, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3